PENNSYLVANIA CO. FOR INSURANCE ON LIVES AND GRANTING ANNUITIES v. PHILADELPHIA & R. R. CO. et al.

(Circuit Court, E. D. Pennsylvania. July 18, 1895.)

No. 9.

1. RAILROAD MORTGAGES—RIGHT TO FORECLOSE FOR INTEREST.
Where a railroad mortgage is expressly to secure interest as well as principal, and both are equally within the positive terms of the condition, a default in payment of the interest gives the mortgagee a right to bring a foreclosure suit, especially where, by the express terms of the instru-

ment, he is forbidden to proceed for the collection of interest by ordinary judgment and execution at law.

2. SAME—DEMAND.

It seems that a paper addressed to a railroad company, and reciting that payment of certain interest coupons of its mortgage bonds had been demanded and refused, and that the holder would look to the company for payment thereof, is substantially a "demand made in writing," within the meaning of a provision in the mortgage.

This was a foreclosure bill brought by the Pennsylvania Company for Insurance on Lives and Granting Annuities against the Philadelphia & Reading Railroad Company and others. Defendants demur to the bill.

John G. Johnson, F. W. Whitridge, and George L. Rives, for complainant.

C. Stuart Patterson, Samuel Dickson, and Thomas Hart, Jr., for defendants.

ACHESON, Circuit Judge. The paper of July 1, 1893, addressed to the Philadelphia & Reading Railroad Company, after reciting that payment of 418 coupons of the company's general mortgage bonds, that day due, had been demanded and refused, declared that the holder would look to the company for payment thereof. I strongly incline to the opinion that this was substantially a "demand made in writing," within the fair meaning of article 4 of the mortgage. It certainly was an explicit warning that the holder expected the company to pay these matured coupons, and it fulfilled the purpose—to guard against inadvertence and surprise—which that provision was intended to subserve.

If, however, it were to be conceded that the paper was technically deficient for lack of a present demand formally expressed therein, still, in my judgment, these demurrers cannot be sustained. The bill is not one exclusively in aid of the powers conferred upon the plaintiff by the mortgage. The bill shows that the default in the payment of the interest upon the company's general mortgage bonds which occurred on July 1, 1893, has been followed by like default with respect to the interest thereon which fell due at the end of each half year thereafter, and that none of this overdue interest has been paid; that on February 20, 1893, under a decree of this court, the railroads and all the property of the company passed into the hands of receivers, who are still acting; that the receivers have repeatedly announced their inability, for want of funds, to pay this accrued interest; and that the company itself is without means to pay it, and, under the restraining order of the court, would not be at liberty to do so, even if it had the means. The prayers for relief contained in the bill are appropriate to this state of facts. Now, the declared purpose of the mortgage is the securing the payment of the interest, as well as the principal, of the bonds, and both interest and principal are equally within the positive terms of the condition of the mortgage. Upon sound reason, then, a default in the payment of a half year's interest on the appointed day is as much a breach of the condition of

the mortgage as would be a like default in the payment of the principal of the bonds. In support of this view, and of its sequence,—that upon such a failure to pay interest the mortgagee has a right to bring a bill for a foreclosure,—we have decisions of great weight. Gladwyn v. Hitchman, 2 Vern. 135; Burrowes v. Molloy, 2 Jones & L. 521, 526; Edwards v. Martin, 25 Law J. Ch. 284. To deny to a Philadelphia & Reading general mortgage bondholder the right to proceed by bill to enforce his mortgage security upon default in the payment of the semiannual interest might work the greatest injustice, for, by the provisions of the mortgage, a bondholder is precluded from levying upon, taking in execution, or selling, under an ordinary judgment at law, for interest, any part of the mortgaged premises. Now, the bonds run until the year 1958. Therefore, if a bondholder cannot resort to a bill for a foreclosure upon the nonpayment of interest, he might be, and, unless he could procure the co-operation of the bondholders, representing the requisite amount, surely would be, left practically remediless. A construction of the mortgage involving consequences so unreasonable is not to be accepted.

And now, July 18, 1895, the demurrer of the Philadelphia & Reading Railroad Company and the Philadelphia & Reading Coal & Iron Company, the demurrer of Thomas McKean, and the demurrer of Robert M. Gallaway, Isaac N. Seligman, David G. Legget, Simon Wormser, and Emmanuel Lehman are overruled, with leave to the named defendants to answer the bill of complaint on or before the first Monday of September, 1895.