COTTRELL v. RAILROAD.

(Filed May 16, 1906).

*Carriers—Overcharges—Penalty.*

Where it was admitted that "the defendant collected freight charges for the entire shipment, as invoiced and originally billed," and the evidence was uncontradicted that the 96 cents was paid as freight on that part of the shipment which was "short" and not delivered, this was an overcharge under Revisal, section 2641, and failure to refund such overcharge after the 60 days allowed for investigation rendered the defendant liable for the penalty denounced by Revisal, section 2644.

ACTION by J. L. Cottrell against Carolina and North West Railway Co., heard upon appeal from a justice of the peace by *Judge O. H. Allen* and a jury, at the November Term, 1905, of the Superior Court of CALDWELL. From the judgment rendered, the plaintiff appealed.

*Lawrence Wakefield* and *Mark Squires* for the plaintiff.
*J. H. Marion* and *W. C. Newland* for the defendant.

CLARK, C. J.   On 13 July, 1905, the plaintiff presented the following claim against the defendant for a shortage in the delivery of a shipment of goods and for repayment of freight paid on such undelivered part of the goods, which claim was supported by paid freight bill and bill of lading as required by law, to-wit:

```
"5 2-3 doz. beer @ 50c.........................$2 83
 Freight on same..............................   96
 Empty bottle @ 30c per doz...................  1 70
                                               --------
                                               $5 49"
```

This claim not having been paid on 9 October, 1905, the plaintiff began this action before a justice of the peace to recover the above and for the penalty of $100 for failure to refund overcharge of freight within 60 days, as required by chapter 590, Laws 1903—now Revisal, 2642-2644.   On the trial of the appeal in the Superior Court the correctness of above items was not denied.   It was admitted that "the defendant collected freight charges for the entire shipment, as invoiced and originally billed," and the evidence was uncontradicted that the 96 cents was paid as freight on that part of the shipment which was "short" and not delivered.   It was, therefore, an overcharge, being a charge of that amount over and above the amount due upon that part of the shipment which was delivered and on which alone freight could properly be charged.   Revisal, 2641, is explicit to this effect. Failure to refund such overcharge after the 60 days allowed for investigation rendered the defendant liable for the penalty denounced by Revisal, 2644.

As a matter of convenience, the defendant collected the entire freight on the whole shipment.   Revisal, 2641, forbids collection of freight on the undelivered portion of the shipment.   Certainly when the claim for shortage and for refund

of freight paid on that part of the shipment was made in the mode required by law it was the duty of the defendant to investigate, and if the claim was found to be just, refund in 60 days. This statute was enacted in pursuance of a well known public policy and to remedy a well known evil. It is common knowledge that there are countless cases of shortage in freights and of overcharges, either by freight collected on such shortages or otherwise. Errors will happen and sometimes are well nigh unavoidable, but none the less, justice and sound policy require the prompt investigation of all claims, and prompt payment of those that are just. These sums aggregate very many thousands of dollars annually, but each amount usually is too small a sum to justify the expense of litigation. Unless the railroad companies will promptly investigate and refund in such cases, the aggregate loss to the public is very great and the exasperation in the public mind, at the injustice, is greater still. To give the public a remedy by insuring speedy investigation and payment, this statute was passed requiring all common carriers, telegraph and telephone companies to investigate all claims for overcharges and refund in 60 days, prescribing a penalty of $25 for the first day's delay beyond 60 days, and $5 for each day's delay thereafter; the total penalty, however, in no event to exceed $100.

The companies that either voluntarily, or in obedience to the law, investigate promptly and refund all claims for overcharges which are found to be just, within 60 days, suffer no inconvenience from this statute. Those who are so inconsiderate of just claims as not to adjust them within 60 days are proper subjects of the penalty and prove the necessity of this statute, without which those having claims for overcharges could not get payment of them without great delay and annoyance, if at all, when the sum is too small to justify payment of a lawyer's fee and advancement of court costs. There was no contradiction of the evidence as to the above

items, and the judge erred in not directing the jury to add to their verdict of $5.49 (which was not objected to) a penalty of $25 for the first day's delay and $5 per day for each day's delay thereafter, beginning after the lapse of 60 days from filing. the claim, not to exceed, however, $100 for the total penalty.

The statute is a very important one and a very necessary one for cases in which a common carrier is not voluntarily prompt in refunding overcharges. At any rate the courts have no discretion, but it is their duty to enforce it.

Error.