JOHN L. and M. P. EFLAND, trading as THE ORANGE MANUFAC-
TURING COMPANY, v. SOUTHERN RAILWAY COMPANY.

(Filed 20 November, 1907).

1. Railroads—Carriers—Overcharge—Penalties—Demands, Specific.
     The mere fact that the plaintiff, the party aggrieved, enclosed
     separate written demands in the same envelope and gave an
     aggregate amount thereof in a letter accompanying them, does
     not affect the demands being specific, under the statute, when the
     overcharges were separate and distinct, the statement or demand
     made specifically as to each, accompanied separately with the
     paid freight bill and duplicate bill of lading, and each demand
     was complete in itself; and such is a compliance with the pro-
     visions of Revisal, sec. 2643, requiring that, in case of an over-
     charge, the person aggrieved may file with the agent of the col-
     lecting (railroad) company a written demand, supported by a
     freight bill and original bill of lading, or duplicate thereof, for
     refund of the overcharge.

2. Railroads—Carriers—Penalty Statutes—Construction—Dispropor-
     tionate.
     The penalty fixed by the Revisal, sec. 2644, to enforce the duty
     of the carrier in regard to proper charges for transporting freight
     and refund of overcharges, and which cannot in any event exceed
     $100, is enforcible for a default established against defendant,
     though the particular transportation charges may appear dispro-
     portionately small. It is on failure to return small amounts
     wrongfully overcharged that penalties are especially required.
     In large matters the claimant can better afford the cost of litiga-
     tion.

PLAINTIFFS' APPEAL.

ACTION to recover for an overcharge on freight bill, and
penalty for not returning same within the time required by
law, tried on appeal from a justice's court before *Councill, J.,*
and a jury, at August Term, 1907, of the Superior Court of
ORANGE County.

The following appears in the record as statement of case on
appeal:

This action was tried before the Hon. W. B. Councill and
a jury, at August Term of Orange County Superior Court.
There were two causes of action joined therein:

146—9

1st. For an overcharge on a carload of excelsior shipped by plaintiffs from Efland, N. C., to the Taylor Mattress Company at Salisbury, N. C., 3 September, 1906, the freight for the same, including an overcharge of $1.39, having been paid by plaintiffs 9 September, 1906.

2d. For $100 penalty, under Revisal, secs. 2642-2644, inclusive, the claim for said charge, accompanied by the proper papers, having been filed with the defendant 20 September, 1906, and still remaining· unsettled.

It appeared on the trial that the plaintiffs, at the time of filing said claim, 20 September, 1906, enclosed in the same envelope another claim for an overcharge of $7.96 on the shipment· of a carload of excelsior to Lexington, N. C., on which judgment had been obtained at the same term of the court for $7.96 overcharge and $100 penalty for failure to settle claim within sixty days. Revisal, secs. 2642-2644. In each case the claim was supported by the paid freight bill, a duplicate bill of lading and by an itemized statement on the billheads of the plaintiffs, as follows (in the Lexington case the letters and figures being changed only so far as to make them fit the case) :

"EFLAND, N. C., Sept. 20, 1906.

. "SOUTHERN RAILWAY COMPANY,

*Washington, D. C.*

*Bought of* THE ORANGE MFG. CO.,

MANUFACTURERS OF EXCELSIOR AND LUMBER.

EXPORT HARDWOOD A SPECIALTY.

"Overcharge in freight, $1.39.

"On Southern car No. 133420. Excelsior shipped Taylor Mattress Company, Salisbury, N. C., September 3, 1906. This car contained 21,900 pounds of excelsior, and the correct amount of freight is $22.70; we paid $24.09, making an overcharge of $1.39."

When filing these claims with J. J. Hooper, freight claim agent of the defendant company at Washington City, the plaintiffs enclosed a letter, of which the following is a copy:

"M. P. EFLAND.                              JOHN L. EFLAND.

THE ORANGE MANUFACTURING COMPANY,

MANUFACTURERS OF EXCELSIOR AND LUMBER.

EXPORT HARDWOODS A SPECIALTY.

"EFLAND, N. C., Sept. 20, 1906.

"J. J. HOOPER, F. C. A.,

*Washington, D. C.*

"DEAR SIR:—Enclosed please find claim:

Overcharge in freight to Lexington, N. C.......... $7.96
Overcharge in freight to Salisbury, N. C..........  1.39
                                                    ————
                                                    $9.35

"Please let us have prompt adjustment.
            "Very truly,
                  "ORANGE MANUFACTURING CO."

Upon the cause of the action for penalty his Honor charged the jury that the statute (Revisal, sec. 2643) required a specific written demand for each overcharge, as well as the lapse of time, to render the defendant liable for the penalty imposed thereby; that the letter of plaintiffs to Hooper (set out in full above) did not constitute the specific written demand required by the statute, in that two overcharges set out therein were lumped together and the demand was made for the total sum of $9.35 and not specifically for $1.39. They should answer the second issue "No," as the plaintiffs are not entitled to the penalty in this case. To this charge the plaintiffs excepted.

Under the charge and on the testimony, the jury responded to the issues submitted as follows:

"1st. Is defendant indebted to plaintiffs by reason of overcharge, and if so, in what amount?" Answer: "Yes;.$1.39."

"2d. Is defendant indebted to plaintiffs by reason of penalty, and if so, in what amount?" Answer: "No."

Plaintiffs moved for a new trial, for error in the charge on the form and sufficiency of the demand, which was overruled, and plaintiffs excepted. There was judgment for plaintiffs for $1.39, and they again excepted and appealed.

*Frank Nash* for plaintiffs.
*F. H. Busbee & Son* and *S. M. Gattis* for defendant.

HOKE, J., after stating the case: We are of opinion that there was error in the charge of the Court on the question of plaintiffs' demand.

1. The statute on the subject (Revisal, secs, 2642, 2643, 2644) provides that no railroad shall make a charge on a freight shipment greater than the rates appearing in the printed tariff of the company.

2. In case *any* overcharge is made, the person aggrieved may file with the agent of the collecting company a written demand, supported by a freight bill and original bill of lading, or duplicate thereof, for refund of the overcharge.

3. That any company failing to refund such overcharge for more than sixty days shall be subject to a penalty.

There was evidence tending to show that defendant company had made and received from plaintiffs in the present case an overcharge of $1.39 in shipment of freight from Efland, N. C., to Salisbury, N. C., and had failed to return same for more than sixty days after demand was made therefor. There was also evidence tending to show that defendant company had made and received, at a different time and for a different shipment, to Lexington, N. C., an overcharge of freight of $7.96, and had failed to return same for more than sixty days, and plaintiffs had recovered the amount of this last overcharge and a penalty for wrongfully failing to return

same, in a separate action, tried and determined at the same term of the court.

The statute imposes the penalty for failure to return each overcharge. The two shipments were entirely distinct, and two distinct overcharges were made and received, and the statement of this overcharge in the form set out, accompanied in each case with the paid freight bill and a duplicate bill of lading, amounted to a written demand for each, and so complied with the statute. *Breckenridge v. State,* 4 L. R. A., 363; *Pa. Co. v. Railroad,* 69 Fed., 482.

The mere fact that the plaintiffs enclosed these separate demands in the same envelope and gave an aggregate of the amount in the accompanying letter does not affect the result. The two overcharges, as stated, were entirely distinct; the statement as to each, with the paid freight bill and duplicate bill of lading, amounted to a specific separate demand, complete in itself, and there was error in holding otherwise.

It was suggested on the argument that the penalty was objectionable, in that the same was entirely disproportionate to the amount of the claim. The point is hardly presented in the appeal of plaintiffs, but we are of opinion that the position is not well considered. The statute provides that the penalty in no case should exceed $100, and it is imposed, as stated, not primarily to facilitate the collection of claims, but to enforce the performance of the carrier's duties, and it is in reference to these smaller claims that penalties are desirable and chiefly required. In larger matters the claimant can better afford the costs of litigation.

Speaking of the statute and the reasons for its efficient enforcement, the Chief Justice, in *Cottrell's case,* 141 N. C., 383, said: "This statute was enacted in pursuance of a well-known public policy and to remedy a well-known evil. It is common knowledge that there are countless cases of shortage in freights and of overcharge, either by freight collected on such shortage or otherwise. Errors will happen, and some-

times are well-nigh unavoidable, but, none the less, justice and sound policy require the prompt investigation of all claims and prompt payment of those that are just. These sums aggregate very many thousands of dollars annually, but each amount usually is too small a sum to justify the expense of litigation. Unless the railroad companies will promptly investigate and refund in such cases, the aggregate loss to the public is very great, and the exasperation in the public mind at the injustice is greater still. To give the public a remedy by insuring speedy investigation and payment, this statute was passed, requiring all common carriers, telegraph and telephone companies to investigate all claims for overcharges and refund in sixty days, prescribing a penalty of $25 for the first day's delay beyond sixty days and $5 for each day's delay thereafter; the total penalty, however, in no event to exceed $100. The companies that, either voluntarily or in obedience to law, investigate promptly and refund all claims for overcharge which are found to be just within sixty days, suffer no inconvenience from this statute. Those who are so inconsiderate of just claims as not to adjust them within sixty days are proper subjects of the penalty, and prove the necessity of this statute, without which those having claims for overcharges could not get payment of them without great delay and annoyance, if at all, when the sum is too small to justify payment of a lawyer's fee and advancement of court costs."

The constitutionality of the act has been upheld in an opinion delivered at the present term on defendant's appeal.

There is error, which entitles plaintiffs to a new trial, and it is so ordered.

New Trial.