RALEIGH IRON WORKS v. SOUTHERN RAILWAY COMPANY.

(Filed 14 October, 1908.)

### Penalty Statutes—Constitutional Law—Commerce Clause.

Sections 2634 and 2644 of the Revisal, imposing certain penalties against common carriers, are not unconstitutional as in violation of the Fourteenth Amendment to the Federal Constitution, or the Commerce Clause (Art. I, sec. 8) of said Constitution, and the acts passed in pursuance thereof.

ACTION from a justice of the peace, tried on appeal before *Biggs, J.,* at February Term, 1908, of WAKE.

A jury trial having been waived and the cause tried by the court, recovery was had by plaintiff for an amount demanded as damages and for certain penalties claimed as arising under sections 2634 and 2644 of the Revisal.

From judgment rendered the defendant excepted and appealed, assigning errors as follows: "The defendant contends that the statute is unconstitutional and void, in that, (1) it is in violation of Article I, sec. 8, of the Constitution of the United States, commonly known as the Interstate Commerce Clause; (2) that it is in violation of the Fourteenth Amendment to the Constitution of the United States, in that it is class legislation and is the taking of the property of the defendant without due process of law, and it denies to the defendant the equal protection of the laws; (3) that if the statutes be constitutional they have no application to interstate shipments of goods, and therefore do not apply to this case; (4) that said act is inoperative and void because in conflict with the act of Congress of 24 June, 1866; (5) that the said act prescribing a penalty for an overcharge, if the same be applicable to this case, is void, because it conflicts with the provisions of the act of Congress known as the Interstate Commerce Act of 11 February, 1887, as amended by the act of 29 June, 1906, known as the Hepburn Act, and various other amendments."

*J. W. Hinsdale, Jr.,* for plaintiff.

*A. B. Andrews, Jr.,* for defendant.

PER CURIAM: It was chiefly urged for error on the part of the defendant that the State legislation in question, imposing certain penalties for alleged default on the part of defendant, is unconstitutional, (1) in denying said defendant the equal protection of the law, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States; (2) in imposing unlawful burdens and restrictions upon Interstate Commerce, contrary to Article I, sec. 8, of said Constitution.

The questions thus raised have been recently presented in several cases on appeal before this Court, and have been decided adversely to defendant's position, notably, in *Efland v. Railroad* (defendant's appeal), 146 N. C., 135; *Morris & Co. v. Express Co.,* 146 N. C., 167; *Harrill v. Railroad,* 144 N. C., 540; *Cottrell v. Railroad,* 141 N. C., 383.

The constitutionality of these penalty statutes was so fully discussed in those cases that the Court does not consider that further statement on the subject is required. For the reasons given in those opinions, and on the authorities there cited, the exceptions of defendant are overruled and the judgment below

Affirmed.