## W. ·C. THURSTON v. SOUTHERN ·RAILWAY COMPANY.

### (Filed 13. May, 1914.)

**Interstate Commerce—Railroads—Failure to Settle Overcharges— Statutes—Constitutional Law.**

> A recovery from a railroad company for overcharges on a shipment of goods (Revisal, sec. 2644), and the penalty prescribed by section 2643 for failure to refund the overcharges within the time specified, is not an interference with interstate commerce when the goods have been shipped here from another State. Our statutes on the subject are constitutional and valid..

APPEAL by defendant from *Devin, J.,* at October Term, 1913, of ALAMANCE.

*W. H. Carroll for plaintiff.*
*. Parker & Parker for defendant.*

CLARK, C. J.   These four cases were begun before a justice of the peace to recover overcharges for freight paid on cotton shipped from points outside of the State to points within the State, and the penalties prescribed by Revisal, 2644, for failure to refund such overcharge within the time prescribed by Revisal, 2643.

In each of the four cases the jury found the amount of the overcharge to be as claimed by the plaintiff, and it ·was not contradicted that said overcharges had not been repaid, though application had been made in the manner required by Revisal, 2643, and that if the plaintiff was entitled to recover said penalty, he was entitled to the maximum of $100 penalty in each case.

The defense relied on in all four cases, and indeed the sole defense set up in the last two cases, is that these being inter-

state shipments the State could not prescribe a penalty for non-payment of the overcharges, because this would be an interference with interstate commerce. As to the first two cases, there were also exceptions as to evidence and instructions, but they do not require serious consideration. The judgments on the verdicts as to the amount of these overcharges are affirmed.

As to the question of the validity of the penalty for failure to settle the amount of the overcharges within the time prescribed by Revisal, 2643, it has been fully and frequently discussed and decided in this Court. The constitutionality of the penalty was upheld by *Walker, J.,* in *Harrill v. R. R.,* 144 N. C., 540, and by *Hoke, J.,* in *Morris v. Express Co.,* 146 N. C., 167, in very thorough and elaborate discussions of the subject. Those cases have been upheld in *Efland v. R. R.,* 146 N. C., 135, and *Iron Works v. R. R.,* 148 N. C., 469. To same effect, *Cottrell v. R. R.,* 141 N. C., 383. All these have been cited and approved in a very recent case, *Jeans v. R. R.,* 164 N. C., 224. To similar purport is *Hockfield v. R. R.,* 150 N. C., 422, upon a similar statute, Revisal, 2633, in which it was held by a unanimous Court: "The penalty imposed by Revisal, 2633, has nothing to do with interstate transportation, but deals only with the neglect of duty of the defendant after the transportation was fully completed and the goods lay in its warehouse—not in the cars at Durham." In the present case the penalty has nothing to do with the transportation, but applies only when the carrier has refused for more than sixty days to refund an overcharge which it has collected for freight on goods actually delivered.

In *R. R. v. Mazursky,* 216 U. S., 122, it was held that the statute of South Carolina was valid which required that every claim for loss or damage to property while in possession of a common carrier must be adjusted and paid within 90 days from filing the claim in case of shipments from without the State, and imposing a penalty for failure or refusal to so adjust and pay it. The Court said: "While it is not easy to define the exact limits of the operation of State laws as affecting interstate commerce, we have no hesitation in saying that the statute in question as it affects carriers doing business in this State, who fail

or refuse to adjust and pay the loss of or damage to goods while in their possession, is·no unlawful interference with interstate commerce, even as applied to an interstate shipment.  .  . . . The statute does not attempt to regulate interstate commerce, and imposes no tax or burden thereon." This has been cited and approved in *R. R. v. Reid,* 222 U. S., 436.

We feel that we cannot add anything to what has already been said in the cases cited, and it would be useless to reiterate what we have already held. If a State court has jurisdiction and is competent to pass upon the question whether the defendant has made an overcharge by collecting freights in excess of the rate.allowed by the Interstate Commerce Commission, and this is not an interference with interstate commerce, then certainly it is within the scope of a State Legislature to provide a penalty for refusal to pay such indebtedness for an overcharge to the consignee for a longer·time than that allowed by law for the examination of the application for the refund of the sum unjustly collected.

Affirmed.