FRANK T. SMITH v. SOUTHERN EXPRESS COMPANY.

(Filed 30 May, 1914.)

1. **Intoxicating Liquors—Prohibition Law—Druggists—Exceptions— License—Interpretation of Statutes.**

　　One of the restricted instances where the sale of intoxicating liquors is allowed under our prohibition laws, which have become the established public policy of our State, is by licensed and regular pharmacists upon the written prescription of a physician, etc. (Revisal, sec. 2063), and in order that an abuse of this public policy may not be allowed, our statutes have imposed certain conditions upon which the license may be obtained by a druggist, requiring application to be made to the board of county commissioners, with certain safeguards as to character, place of sale, etc. (Revisal, sec. 2064) ; and that the license shall be printed in a certain form and issued by the sheriff upon the order of the board of commissioners (Revisal, sec. 2066). *Held*, that a license issued by the sheriff to a druggist to sell intoxicating liquors, without meeting these requirements, is void, and a sale made under such invalid license is a violation of the prohibition law.

2. **Intoxicating Liquors—Carriers of Goods—Refusal to Deliver— Penalty Statutes—Unlawful Sales—Interstate Commerce.**

　　A druggist who has not received a valid license, in accordance with the requirements of our statutes, to sell intoxicating liquors for the purposes and in the manner indicated, may not recover of the carrier the penalty provided by Revisal, sec. 2633, for the failure to deliver such liquors to him for the purposes of sale, for such are unlawful and prohibited, and cannot be aided or encouraged by the courts of the State, whether the shipment be intrastate or interstate.

3. **Intoxicating Liquors—Unlawful Sales—Carriers of Goods—Penalty Statutes—Interstate Commerce—Constitutional Law.**

　　The delivery of intoxicating liquors for the purposes of sale is made unlawful by our statute, Revisal, sec. 3534, and the Webb-Kenyon law forbids delivery in interstate commerce; and whether this law is constitutional or otherwise, it could not be considered that our courts should penalize a carrier for refusing to deliver such shipment to the consignee in violation of our laws enacted to carry out our established public policy in relation to such matters. Federal Constitution, Art. I, sec. 8, clause 3.

4. Intoxicating Liquors—Prohibition Law—Exceptions—Validity of
   License—Collateral Attack—Direct Proceedings—Issues.

   Where a consignee of goods brings his action against the car-
   rier to enforce the delivery to him of intoxicating liquors for
   the purposes of sale, claiming that he has a right to the liquors
   and the sale thereof, being a duly licensed druggist for whom
   an exception is made by our prohibition laws, the action puts
   the existence and validity of the license directly at issue, and
   the objection is not tenable that its validity is being collaterally
   attacked; especially, as in this case, where it appears that the
   license is invalid for the want of compliance with the provisions
   of the statute upon which alone its validity could be sustained.

APPEAL by plaintiff from *Ferguson, J.,* at Fall Term, 1913,
of MACON.

Civil action to recover penalty for nondelivery of goods, under
section 2633 of Revisal, tried on appeal from a justice's court.

The facts in evidence tended to show that plaintiff was a drug-
gist and pharmacist, regularly licensed by the State Board of
Pharmacy, same being in force in June, 1913; that at said date
he was *bona fide* proprietor of a drug store in Franklin, N. C.;
that, as such, he held a regular license as retail liquor dealer
from United States Government and also a license to carry
on the business of liquor dealer, covering the period from 31
May, 1913, to 31 May, 1914, signed by Alex. Moore, sheriff of
Macon County; that during the month of June, 1913, he ordered
6 quarts of Cognac brandy from Rose & Co., Tennessee; paid
charges on same, and that the shipment by defendant company
was received at Franklin, N. C., this being its destination, and
plaintiff demanded same, in person, of defendant, and delivery
was refused; that it was the purpose of plaintiff to sell said
brandy for profit, but only in the way of filling prescriptions in
the *bona fide* pursuit of his calling and regular business, and
this was well known to defendant's agent.

Plaintiff, testifying as a witness in his own behalf, said, among
other things, that he had not applied for his license to the board
of aldermen of Franklin nor to the county commissioners of
Macon County, as required by section 2063 of Revisal, but had

merely gone to the sheriff for his privilege license tax, and the sheriff had given him the license referred to and appearing in evidence.

His Honor charged the jury, if they believed the testimony, they would answer the issue of indebtedness for the penalty in favor of defendant. Verdict for defendant. Judgment, and plaintiff excepted and appealed.

*T. J. Johnston for plaintiff.*
*Johnston & Horne for defendant.*

HOKE, J., after stating the case: It is now the established public policy· of this State, approved by popular vote and expressed and enforced by the general and many local statutes, that, except in very restricted instances, the manufacturing and sale of intoxicating liquors shall not be allowed.

There is an exception made in the case of licensed and regular pharmacists when the liquor is sold "for use by a sick person upon the written prescription of a regularly licensed and practicing physician or surgeon having such sick person under his charge, and not otherwise." Revisal, sec. 2063. But the Legislature, recognizing the fact that, unless carefully guarded, such an exception might be greatly abused and at times threaten the efficient enforcement of the law, closed this section of the Revisal with the provision, "That nothing in this section shall be construed so as to relieve druggists from complying with the law as to license and taxes," and, in the next succeeding section, No. 2064, enacts that: "Every person desiring to sell liquors shall make application to the board of county commissioners for an order to the sheriff to issue license. The application shall be in writing, and shall show that the applicant is a *bona fide* citizen of the United States and a legal voter of North Carolina; that he has never been convicted nor confessed his guilt in a court of competent jurisdiction of any violation of the laws of any State regulating the sale of liquors; and the place where the business is to be carried on, which in all cases (druggists excepted) must be within an incorporated town or city, and more than 200 feet in a direct line from any church

edifice or the premises pertaining thereto. The application must have been approved before filing by the board of commissioners, aldermen, or governing body, by whatever name called, of the city or town in which it is proposed to carry on the business, and must be accompanied by the affidavit of six freeholders who are taxpayers and residents of the township in which the applicant proposes to do business, all of whom shall declare upon oath that the applicant is a proper person to sell spirituous, vinous, or malt liquors; that the building specified is a suitable place for the business to be carried on, and that he has not recommended any other person for liquor license in the same township."

In section 2065 provision is made for a public hearing on the question, and section 2066 enacts "that the license shall be printed in a certain form, furnished by the register of deeds and issued by the sheriff upon *order* of the *board* of county commissioners, etc."

Recurring to the evidence, the plaintiff himself testifies that the license held by him was not issued by order of board of county commissioners; that he made no application to said board, nor did he otherwise comply with the section above cited, enacted to regulate the matter.

It thus appears that he has no valid license permitting him to sell either as druggist or otherwise, and, it being his avowed intent to sell for profit and by way of prescription, an act made a misdemeanor by the statute unless a valid license is first obtained, the court will not aid him to this intended breach of the criminal law, nor should it penalize one who, knowing the facts, has declined to deliver the liquor in furtherance of his unlawful purpose. The principle has been recognized and applied in several recent cases on contract, some of them made in other States and valid where made, and recovery thereon was denied here because in contravention of the public policy prevailing in this jurisdiction. *Bluthenthal v. Kennedy,* 165 N. C., 372; *Fashion Co. v. Grant,* 165 N. C., 453; *Pfeifer v. Israel,* 161 N. C., 409; *Vinegar Co. v. Hawn,* 149 N. C., 355; *Cannady v. R. R.,* 143 N. C., 439; *Armstrong v. Best,* 112 N. C., 59; *Leak*

SMITH *v.* EXPRESS CO.

*v. Comrs.,* 64 N. C., 134. And the law bearing more directly on the conduct of the defendant is equally in support of his Honor's ruling.

In reference to the issue directly involved in this controversy, the Court has frequently held that the penalty prescribed by section 2633, for the nondelivery of freight, though shipped from another State, after the same has reached its destination, does not raise or present a Federal question so as to withdraw the cause from the jurisdiction of the State courts. *Thurston v. R. R.,* 165 N. C., 598; *Macon Supply Co. v. R. R., ante,* 82; *Jeans v. R. R.,* 164 N. C., 224; *Harrell v. R. R.,* 144 N. C., 537. But, on the record and in whatever aspect this matter may be considered, the law forbids a delivery by defendant company.

The facts showing that plaintiff has no valid license, and his avowed purpose to sell for profit being, as stated, in breach of the criminal law, if looked at as an intrastate matter, our State statute, section 3534, makes the delivery unlawful; and, if the case is to be dealt with as one arising under the commerce clause of the Federal Constitution, the act known as the Webb-Kenyon law, recently passed by Congress, in express terms forbids a delivery.

Although there may be some conflict as to the correct interpretation of the Webb-Kenyon act, there is coming to be a general consensus of opinion that the act is constitutional. It has been so held in several cases, cited in the concurring opinion of *Chief Justice Clark* in the case of *S. v. Cardwell, post,* 309; *S. v. Grier,* 88 Atl., 20 Nov., 1913; *S. v. Express Co.* (Iowa), 145 N. W., 451, and also an opinion by *Beam, J.,* in *U. S. v. R. R.,* decided in January, 1914; and, while the Supreme Court of the United States has not had the question directly presented, there seems no good reason to doubt that the statute will be upheld as to cases coming within its provisions. In several cases before that Court it has been held that the absolute inhibition of some special article may be and is properly considered a valid regulation of commerce, within the meaning of Article I, sec. 8, clause 3, of the Federal Constitution, an interpretation especially insistent in cases coming so peculiarly

within the police power as intoxicating liquor, and a similar principle has been approved and upheld in *Champion v. Ames,* 188 U. S., 221, and other decisions of like purport. A delivery, therefore, would be unlawful in any view of the evidence, and, of a certainty, the court should not impose a penalty on the company for refusing to aid or take part in an act in contravention of our public policy and in express violation of our statute law.

It is urged for plaintiff that he had at the time a license signed by the sheriff of the county; that this was not subject to collateral attack, and, therefore, the proposed sale by him in the line of his business should not be considered and dealt with as unlawful.

There are many decisions holding that a license, apparently regular, cannot be collaterally attacked, but the principle has, no doubt, been generally applied in cases where the license has been issued by officers of boards vested with the discretionary power to issue them.

In the present case the statute expressly provides that a license can only issue on the order of the county commissioners, and after a hearing of the matter. Revisal, ch. 49, secs. 2064-65-66. The county commissioners, therefore, is the body vested with discretion on this subject. The sheriff is only a ministerial agent, and, in this instance, he seems to have acted entirely without authority, and the facts, therefore, hardly bring the present case within the principle; but however that may be, as said in *Hargett v. Bell,* 134 N. C., 394-95, a license, even when issued by the proper board, is not to be considered as a contract to be set aside only by bill in equity, or a legislative office or franchise, to be annulled and withdrawn only by proceedings in *quo warranto* or some such formal procedure. It may be impeached in any action which directly involves its validity and which gives the claimant a trial by jury on the issue. In this suit, a civil action brought by plaintiff to enforce delivery of intoxicating liquors for purposes of sale and claiming the right to do so on the ground that he is a regular druggist, duly licensed for the purpose. The action itself puts the existence of the alleged

license in issue; affords the opportunity for a jury trial, and should be properly considered a direct proceeding to pass upon and determine the question of its validity. We find no error in the record, and judgment for defendant is affirmed.

No error.